# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER DAVID O'CONNOR, et al. | : | NO. 15-3475 |

## MEMORANDUM

GOLDBERG, J.                                               SEPTEMBER 17, 2015

Plaintiff Jason Parker, a prisoner currently incarcerated at the State Correctional Institution at Frackville, brings this civil rights action based on his 2011 arrest and subsequent prosecution. For the following reasons, the Court will dismiss the complaint.

## I. FACTS

The complaint names as defendants Philadelphia Police Officer Brad Momme, Philadelphia Police Officer David O'Connor, Philadelphia Police Chief Charles Ramsey, Mayor Michael Nutter, the Philadelphia Police Department, the City of Philadelphia, Judge Angelo Foglietta, Governor Tom Corbett or Tom Wolf, President Obama, District Attorney Seth Williams, and Attorney General Eric Holder or Loretta Lynch. Parker alleges that, on December 12, 2011, Officers Momme and O'Connor assaulted him, falsely arrested him, and maliciously prosecuted him. His malicious prosecution claims are based on two criminal cases initiated against him in connection with his arrest: (1) Commonwealth v. Parker, Docket No. MC-51-CR-0052198-2011 (Phila. Municipal Ct.), which was dismissed on December 27, 2011, after a preliminary hearing; and (2) Commonwealth v. Parker, Docket No. CP-51-CR-0014583-2011 (Phila. Ct. Common Pleas), in which Parker was convicted of some charges and acquitted of others after a trial before

1

Judge Angelo J. Foglietta.[1]  Parker takes issue with the fact that he was charged in two separate cases because they arose out of the same incident.

This is not the first time that Parker filed a complaint raising claims based on his encounter with police on December 12, 2011, and his related prosecutions.  In December of 2014, Parker filed a civil action—No. 14-7113—against Officer Momme, another Philadelphia Police Officer who he subsequently identified as Officer O'Connor, Mayor Nutter, the Philadelphia Police Commissioner and Department, and two prison officials, asserting the same excessive force and false arrest claims, as well as a malicious prosecution claim based on the municipal court case that terminated in his favor, see Commonwealth v. Parker, Docket No. MC-51-CR-0-52198-2011 (Phila. Municipal Ct.).  After granting Parker leave to proceed in forma pauperis, the Court dismissed his claims with prejudice as barred by the applicable two-year statute of limitations despite Parker's assertion that he failed to appreciate that he was charged in two separate proceedings.  Parker v. Nutter, E.D. Pa. Civ. A. No. 14-7113 (Document No. 2).  Parker sought reconsideration of that ruling.  In an April 30, 2015 order, the Court denied reconsideration, concluding that Parker's malicious prosecution claims failed either because they were time-barred or, if the Court considered the two prosecutions as one proceeding, because Parker could not establish favorable termination so as to state a claim for malicious prosecution.  Id. (Document No. 7).  The Court subsequently struck an amended complaint that Parker sought to file without leave.  Id. (Document No. 10).

Rather than appealing the Court's ruling, Parker filed Parker v. Momme, E.D. Pa. Civ. A. No. 15-2807, which raised claims against Officers Momme and O'Connor, Police Commissioner

---

[1] Plaintiff's conviction for criminal mischief was reversed on appeal but the Superior Court affirmed his sentence in all other respects.  Commonwealth v. Parker, 286 EDA 2013 (Pa. Super. Ct.).

Ramsey, Mayor Nutter, and the City of Philadelphia based on the same December 12, 2011 arrest and prosecutions addressed in 14-7113. His initial motion to proceed in forma pauperis was deficient because he failed to provide a copy of his prison account statement from each prison at which he was incarcerated during the six-month period prior to the filing of his case, as required by 28 U.S.C. § 1915(a)(2). Instead of focusing his efforts on obtaining his prison account statement, Parker filed the instant complaint reasserting his claims based on the 2011 arrest and subsequent prosecutions and adding several defendants, namely, Judge Foglietta, Governor Corbett and/or Wolf, President Obama, District Attorney Williams, and Attorney General Holder and/or Lynch.

In light of Parker's repeated failures to comply with 28 U.S.C. § 1915(a)(2), the Court dismissed this case. Shortly thereafter, Parker provided the Court with the necessary documentation for proceeding in forma pauperis. Accordingly, the Court vacated its dismissal order and granted Parker leave to proceed in forma pauperis.

## II.    STANDARD OF REVIEW

As Parker is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims." Day v. Toner, 530 F. App'x 118, 121 (3d Cir. 2013) (per curiam).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see

Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. The Court must accept Parker's factual allegations as true and may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As Parker is proceeding pro se, the Court will construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The Court will dismiss Parker's complaint as malicious because it repeats previously litigated claims. If Parker sought to challenge the Court's dismissal of his claims in Civ. A. No. 14-7113, he should have filed a timely appeal.[2] He is not, however, entitled to file a new civil action based on the same set of facts to circumvent the Court's dismissal of his prior case. Cf. Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); Sendi v. NCR Comten, Inc., 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts.").

---

[2] Parker ultimately filed an appeal in Civ. A. No. 14-7113 on September 4, 2015.

Accordingly, the Court will dismiss the complaint as malicious.  See Morris v. United States
Dep't of Health & Human Servs., Civ. A. No. 13-950, 2013 WL 3938993, at *3 (D. Del. July 26,
2013) ("Plaintiff's filing of repetitive claims or claims arising out of a common nucleus of
operative facts falls squarely within the category of malicious litigation.").  In any event,
plaintiff's claims fail for the same reasons as his claims in Parker v. Nutter, E.D. Pa. Civ. A. No.
14-7113.

Furthermore, Parker's claims against the newly-added defendants are frivolous.  Nothing
about his arrest by two Philadelphia Police Officers and his subsequent prosecution in the
Philadelphia courts gives rise to a basis for a claim against President Obama, Eric Holder,
Loretta Lynch, Tom Corbett, Tom Wolf, or District Attorney Williams.  Parker appears to have
included those defendants solely because of their high-level positions in local, state, and federal
governments, rather than any actual involvement they had with the events giving rise to his
claims.  See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and §
1983 suits, a plaintiff must plead that each Government-official defendant, through the official's
own individual actions, has violated the Constitution.").  Despite Parker's assertions, none of
those defendants are responsible for training or supervising officers of the Philadelphia Police
Department and their alleged failures to respond to Parker's letters about his personal situation
do not give rise to liability.  Additionally, Judge Foglietta is entitled to absolute judicial
immunity from claims based on acts he took while presiding over Parker's criminal case.  See
Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges are entitled to absolute judicial
immunity from damages for acts taken in their judicial capacity).

5

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as frivolous, malicious, and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]  Parker will not be given leave to amend because amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

---

[3] Parker notes that, as a result of his false arrest and malicious prosecution, he was held at the Curran-Fromhold Correctional Facility in overcrowded conditions.  He brought separate cases challenging those conditions—including one submitted the same day as the instant case—which are currently pending before the Honorable Norma L. Shapiro, who has been handling civil rights cases filed in the Eastern District of Pennsylvania arising out of overcrowded conditions in the City of Philadelphia's prison system. See Parker v. Nutter, E.D. Pa. Civ. A. No. 15-2213 & Parker v. Phila. Prison System, E.D. Pa. Civ. A. No. 15-3476. In light of those cases, and the passing reference to prison conditions in the instant case, the Court does not understand the complaint in the instant action to be based on the prison conditions.  Accordingly, nothing in the Court's dismissal order should be construed to preclude Parker from pursuing claims before Judge Shapiro based on the conditions at the Curran-Fromhold Correctional Facility, where he was previously held.